```
                    United States District Court
                       District of Massachusetts
```

```
_____  )
                                     )
UNITED STATES OF AMERICA,            )
                                     )
         v.                          )
                                     )    Criminal No.
JOSEPH SILVA,                        )    07-10344-NMG
                                     )
         Defendant.                  )
_____  )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Defendant Joseph Silva ("Silva") is charged with production, transportation and possession of child pornography in violation of 18 U.S.C. §§ 2251(a), 2251(a)(1) and 2252(a)(4)(B). He has moved to suppress evidence discovered during a search of his truck.

## I. Background

This case arises out of an investigation that began in February, 2007, when a young woman reported to the Swansea Police Department that she had been victimized as a minor by Silva. The victim explained that she had met Silva when, at age 13, she began taking horseback-riding lessons from him. He had paid special attention to her and eventually began requesting hugs and kisses from her. As time went on, Silva's behavior became more reprehensible, including the taking of numerous photographs of

-1-

the victim partially dressed and performing sexual acts. He later engaged in sexual intercourse with the victim on four separate occasions.

In response to the victim's report, on March 5, 2007, Swansea patrolman Joseph A. Martin ("Patrolman Martin") submitted an application to the Fall River District Court of Massachusetts for a warrant to search for and seize all computer systems, computer storage devices, cameras and photographs that may contain sexual images of children. His accompanying affidavit described the places to be searched as Silva's residence, 242 Dillon Lane in Swansea, Massachusetts, its curtilage and any containers or vehicles contained thereon and a storage unit rented by Silva. The warrant that issued permitted a search of "242 Dillon Lane, Swansea Massachusetts" and the storage unit. It was executed on March 6, 2007.

According to the government, the police officers were granted entry to the residence at 242 Dillon Lane by Silva's mother. Upon finding Silva in a room on the bottom floor of the house, they provided him with a copy of the search warrant, read him his <u>Miranda</u> rights and searched the house. Silva's girlfriend, who was present at that time, informed the police that she needed to leave. When asked to take her own car, she insisted on taking Silva's truck which was parked in the driveway of 242 Dillon Lane. The police proceeded search the truck and

seized a bag of computer hard-drives located in it.

On July 5, 2008, Silva filed a motion to suppress all property that was seized during a search of his truck on March 6, 2007.  The government opposes that motion.

**II.  Legal Analysis**

    **A.   The Warrant**

        **1.   Legal Standard for Warrants**

The Fourth Amendment protects against unreasonable searches and seizures by requiring, in most cases, a valid warrant. Bilida v. McCleod, 211 F.3d 166, 171 (1st Cir. 2000).  A warrantless search or seizure is presumptively unreasonable and will be upheld only if an exception to the warrant requirement applies.  Id.  The authority granted by a warrant for the search of a premises is limited by the description in the warrant and does not extend to additional areas.  United States v. Bonner, 808 F.2d 864, 868 (1st Cir. 1986).  When a warrant is issued for a premises, however, the First Circuit has interpreted that term broadly.  See United States v. Asselin, 775 F.2d 445 (1st Cir. 1985) (holding that the search of a disabled automobile adjacent to carport was permissible during search of "premises" pursuant to warrant).

        **2.   Application**

The warrant in this case authorized a search of "242 Dillon Lane, Swansea Massachusetts".  Silva argues that the warrant did

-3-

not include his truck parked on that property. The government responds that it is well-established that a search warrant authorizing the search of a residence also authorizes the search of any vehicles owned by the resident that are located on the property.[1] See, e.g., United States v. Patterson, 278 F.3d 315, 318 (4th Cir. 2002); United States v. Pennington, 287 F.3d 739, 744-45 (8th Cir. 2002); United States v. Percival, 756 F.2d 600, 612 (7th Cir. 1985) (citing cases).

It appears that, in prior cases authorizing such vehicle searches, the warrants at issue described the place to be searched using the words "premises" or "property" in addition to providing the specific address of the premises or property. The warrant in this case only provides the address.

There is, however, no reason to construe the scope of a warrant more narrowly when it lists an address alone than when it includes the words "premises" or "property". In addition, words in warrants and accompanying affidavits should be considered in "a common sense manner". United States v. Bonner, 808 F.2d 864, 868 (1st Cir. 1986). Under such a standard, an address should be considered to describe the entire premises or property identified.

Moreover, Patrolman Martin's affidavit explicitly sought

---

[1] Silva does not dispute that he owns the truck searched by the Swansea police.

permission to search the curtilage of 242 Dillon Lane and any vehicles contained on it.  Silva contends that the warrant denies the authority to search the truck (presumably because it does not explicitly refer to the premises, curtilage or a vehicle). No limitations appear on the face of the warrant itself, however, and it is more likely that the judge who issued the warrant merely opted to use an all-inclusive term (the address) as opposed to listing separately everything to be found at that address.  The Court concludes, therefore, that the warrant authorized a search of Silva's truck.

> **B.   Probable Cause**
>
> **1.   Legal Standard**

For a warrant to be valid, the underlying application must demonstrate probable cause which exists when

> given all the circumstances set forth in the affidavit before him, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

Illinois v. Gates, 462 U.S. 213, 214 (1983).

> **2.   Application**

Silva argues that Patrolman Martin's affidavit failed to demonstrate probable cause to believe that contraband or evidence of child pornography would be found in the truck.  He claims that nothing inherent in the crimes of which Silva is accused would suggest that his truck was involved.

The Court disagrees.  Patrolman Martin's affidavit states

that Silva had told the victim that he had "buried some of his child pornography collection in his backyard and had put most of his belongings in storage". Indeed, as a result, the warrant explicitly authorized the search of a storage unit known to have been rented by Silva. In order for Silva to have transported some his alleged pornography collection to the storage unit, there is a fair probability that 1) he would have used his truck and 2) some evidence of child pornography would have been left in it. Thus, there was probable cause to authorize a search of Silva's truck.

### ORDER

In accordance with the foregoing, Silva's motion to suppress (Docket No. 29) will be **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated January 9, 2009