United States District Court
District of Massachusetts

```
_____
                              )
UNITED STATES OF AMERICA,     )
                              )
        v.                    )
                              )    Criminal No.
JOSEPH SILVA,                 )    07-10344-NMG
                              )
        Defendant.            )
_____)
```

MEMORANDUM & ORDER

GORTON, J.

Before this Court is the First Circuit Court of Appeals Order of Court dated February 23, 2011, regarding defendant's Notice of Appeal.

I. **Background**

Defendant Joseph Silva ("Silva") pled guilty to three counts related to child pornography and was sentenced in June, 2010. On July 23, 2010, the Court entered a Judgment accordingly. On August 20, 2010, defendant filed a Notice of Appeal ("Notice").

Defendant filed a notice of appeal outside the 14-day period after entry of judgment but within the additional 30-day period for filing motions to extend time to file a notice of appeal. In an Order of Court dated February 23, 2011, the First Circuit Court of Appeals remitted the Notice to this Court with instructions to treat it as a motion to extend the time for appeal and to decide whether defendant meets the good cause or

excusable neglect standard.

In January, 2011, apparently anticipating the First Circuit's Order, defendant moved this Court for an extension of time to file the Notice, which the government opposed.  Defendant argues "good cause" exists because he requested the appointment of counsel on August 9, 2010, and on August 19, 2010, the Court appointed counsel, who filed the Notice the following day.

## II. Analysis

Pursuant to Fed. R. App. P. 4(b)(1)(A), a defendant's notice of appeal must be filed in the district court within 14 days of the judgment or the order being appealed.  A district court may extend the time for filing a notice of appeal for up to an additional 30 days "[u]pon a finding of excusable neglect or good cause."  Fed. R. App. P. 4(b)(4).  Whether neglect is excusable is an "equitable" determination, taking into account all relevant circumstances.  See Graphic Commc'ns Int'l Union, Local 12-N v. Quebecor Printing Providence, Inc., 270 F.3d 1, 5 (1st Cir. 2001) (citations omitted).

In United States v. Garcia-Paulin, the Fifth Circuit Court of Appeals found the district court's order appointing appellate counsel to be a finding of excusable neglect and thus the notice of appeal was timely filed.  627 F.3d 127, 130 n.1 (5th Cir. 2010).  In that case, the district court entered Judgment on September 30, 2009, defendant filed a pro se letter dated

November 3, 2009 requesting the appointment of counsel to file an appeal and the letter was filed November 5, 2009. Because the request for appointment of counsel was made after the 14-day period which expired October 14, 2009 but within the additional 30-day period, the district court construed the letter as a notice of appeal and granted the request for appointment of counsel. The Fifth Circuit stated that "a district court's grant of a motion to appoint counsel constitutes an implied finding of excusable neglect when an untimely notice of appeal has been filed." Id.

Similarly here, the Court finds the defendant meets the excusable neglect standard due to the appointment of counsel. The Court entered Judgment on July 23, 2010, defendant sent a pro se letter dated July 26, 2010 requesting the appointment of counsel and stating he was "investigating the withdrawal of my guilty plea." The letter was docketed on August 9, 2010, although the reason for the delay is unclear. In any event, upon receipt of the letter and after the unsuccessful efforts of the Clerk to contact defendant's previously retained counsel, the Court treated defendant's letter as a motion for the appointment of counsel and determined that defendant was so entitled. On August 19, 2010, the Court appointed counsel who filed the subject Notice the following day. The Court, therefore, finds that the defendant meets the Fed. R. App. P. 4(b)(4) standard and

the motion for extension of time to appeal will be allowed.

**ORDER**

In accordance with the foregoing,

1) defendant's Notice of Appeal (Docket No. 139), treated as a motion to extend the time for filing notice of appeal, is **ALLOWED**; and

2) defendant's motion for extension of time to file notice of appeal (Docket No. 154) is **DENIED as moot**.

**So ordered.**

                                             /s/ Nathaniel M. Gorton
                                             Nathaniel M. Gorton
                                             United States District Judge

Dated March 3, 2011